Drew Malone RAINES III *v.* STATE of Arkansas

CR 98-945                                                     980 S.W.2d 269

Supreme Court of Arkansas
Opinion delivered December 10, 1998

*Petitioner*, pro se.

No response.

P ER CURIAM. Petitioner Drew Malone Raines III, appearing *pro se*, seeks by petition for writ of mandamus to compel Pulaski County Circuit Judge John W. Langston not to

take any further action during the pendency of his appeal from the trial court's order, which denied his motion to dismiss for lack of jurisdiction. Petitioner further seeks to "purge" the circuit court's actions on October 14 and 15, 1998, when it held a hearing and affirmed the municipal court's judgment.

Petitioner was convicted by the Sherwood Municipal Court on April 1, 1998, of using an unofficial license plate and of driving without his driver's license and several other documents required by Arkansas law: the motor vehicle registration and proof of insurance and vehicle inspection. The conviction was appealed to the Pulaski County Circuit Court. On June 11, 1998, petitioner filed a motion to dismiss challenging the trial court's jurisdiction. After a hearing on June 12, 1998, the trial court denied petitioner's motion to dismiss and set the case for trial on July 29, 1998. Petitioner then filed a notice of appeal on July 28, 1998, which purported to appeal from the order denying his motion to dismiss. Petitioner appeared on the trial date, July 29, 1998, and requested a continuance. The trial court granted the continuance and rescheduled the trial for October 14, 1998. The petitioner then filed the record in this court on August 3, 1998. The record of proceedings in the trial court was certified as of July 30, 1998.

Petitioner filed the petition for writ of mandamus in this court on October 26, 1998, and alleges that, notwithstanding the docketing of the appeal in this court on August 3, 1998, the trial court continued to exercise jurisdiction by proceeding with the trial on October 14, 1998 and by entering an order affirming the municipal judgment on October 15, 1998. In support of these allegations in his petition, petitioner attached thereto a copy of the trial court's docket sheet that shows a stamped entry on October 14, 1998 with the words "[l]ower court judgment affirmed. remanded for execution,"and a copy of the order entered by the trial court on October 15, 1998, whereby the appeal was dismissed and remanded to Sherwood Municipal Court.

■ ■ In support of his petition for writ of mandamus, petitioner relies upon our holding in *Richie v. State*, 298 Ark. 358,

767 S.W.2d 522 (1989), that the trial court loses jurisdiction after a notice of appeal is docketed and the record is filed in this court. Petitioner characterizes his petition as one for mandamus. However, a writ of mandamus is issued by this court only to compel an official or judge to take some action. *See Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). In contrast, a writ of prohibition is issued by this court to prevent or prohibit the lower court from acting wholly without jurisdiction. *See Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1988). Even if we were to consider the petitioner's petition as one for prohibition, the writ would be inappropriate in this case because the action to be prevented has already occurred. Once a court has acted allegedly beyond its jurisdiction, the only way to challenge the conviction is to timely and properly file an appeal pursuant to the Arkansas Rules of Appellate Procedure—Criminal. The record in this case does not include a notice of appeal from the circuit court's October 15 order affirming his conviction in the municipal court.

■ Likewise, petitioner's request for us to "purge" the circuit court's actions taken on October 14 and 15, 1998, is really a request for us to reverse his conviction due to the circuit court's lack of jurisdiction. Again, such a request can only be granted in this case upon the proper and timely filing of a notice of appeal.

For these reasons, the petition is denied.