Scott ARNOLD and Mary Arnold *v.* The Honorable
Jim D. SPEARS, Judge, Division III Chancery
Court of Sebastian County; Rhonda J. Reeves
and Patrick Shane Reeves

00-997                                                  36 S.W.3d 346

Supreme Court of Arkansas
Opinion delivered February 1, 2001

518

*Bagby Law Firm, P.A.*, by: *Philip A. Bagby,* for petitioner.

*Shannon Foster* and *Daniel A. Stewart*; and *Phillip J. Milligan,* for respondents.

R OBERT L. BROWN, Justice. Petitioners Scott Arnold and Mary Arnold contend in their petitions for writ of *certiorari* and prohibition that respondent Chancellor Jim Spears of the Chancery Court of Sebastian County, who had pending before him a divorce action in Sebastian County between respondents Shane Reeves and Rhonda Reeves, (1) lacked subject-matter jurisdiction to decide a landlord-tenant dispute regarding a building in Crawford County; (2) erred in attempting to exercise jurisdiction over the landlord-tenant dispute when venue lay in Crawford County; (3) erred in forcing the Arnolds to intervene in the divorce lawsuit against their will; and (4) violated the due process rights of the Arnolds by entering an *ex parte* order without notice which denies them the ability to gainfully rent their property. [1] We find no merit in the two petitions and deny them both.

The facts derive from a rental agreement entered into on November 1, 1999, between Shane Reeves and Scott Arnold. Under that agreement, Arnold rented a retail business building in the city of Van Buren, Crawford County, to Reeves for the purpose of operating a business known as The Hope Chest. The monthly rent was $500. Crawford County is located in the Twenty-First Judicial District. Sebastian County is located in the Twelfth Judicial District.

In January 2000, Shane Reeves notified the Arnolds that he was having trouble paying the rent on the building due to marital problems. On January 11, 2000, Rhonda Reeves sued Shane Reeves for divorce in Sebastian County, Chancery Court, Fort Smith District, and asked that the marital property rights of the parties be adjudicated. Rhonda Reeves subsequently sought an emergency hearing from the chancellor regarding the Crawford County building and the inventory of their retail goods which were part of their business, The Hope Chest. On March 23, 2000, the chancellor entered a Temporary Order in the divorce action and directed that an inventory of The Hope Chest be made. The chancellor found in that order that the Arnolds had taken possession of their building which housed The Hope Chest and ordered that

---

[1] A writ of prohibition is directed to the jurisdiction of the court and not to an individual judge. We will treat the petition for a writ of prohibition as directed against the Sebastian County Chancery Court. See *Ford v. Wilson,* 327 Ark. 243, 939 S.W.2d 258 (1997) (citing *Lee v. McNeil,* 308 Ark. 114, 823 S.W.2d 837 (1992)).

the Reeveses be granted access to their business to inventory their property. He further ordered that no property on the premises should be sold or removed until further orders of the court and that Shane Reeves (defendant in the divorce action) should account for any property already sold.

On April 6, 2000, the Arnolds' attorney wrote counsel for the two Reeveses and made these assertions:

- The property of the Reeveses to be inventoried was in storage.

- The property would be released upon the Reeveses paying $2,151.07 for back rent, utilities, repairs and clean-up costs, and legal fees.

- The Reeveses would be required to hold the Arnolds harmless from any additional liability.

- The Arnolds would then release the Reeveses.

- The chancellor's Temporary Order is not binding on the Arnolds because they are not parties to the Sebastian County divorce action.

- The Arnolds have a right to the Reeveses' property to pay past due rent under Ark. Code Ann. § 18-16-108 (Supp. 1999).

When the Arnolds' attorney did not receive a reply from the Reeveses, he wrote that he assumed his offer had been rejected and that the Arnolds would proceed to sell the business property at a public or private sale. Counsel for Shane Reeves then wrote that the value of the inventory in dispute was $20,000 and that if the Arnolds failed to cooperate in allowing an inventory to be performed, he would sue them for conversion of property. On May 10, 2000, Shane Reeves moved that the Arnolds be made parties to the divorce action in Sebastian County as intervenors and enjoined from selling any property of The Hope Chest. He asserted that the Arnolds had contacted local merchants about the sale of the Reeveses' property and were offering the property at "garage-sale prices." He further asserted that some of the Reeveses' property had been purchased by other stores. The next day the chancellor entered an order entitled Order Allowing Intervention and Injunction and found that the Arnolds had not supplied an inventory of the disputed property as ordered and instead had sold some of the property. The chancellor designated the Arnolds as intervenors in

the Sebastian County divorce action and ordered them again to prepare a complete inventory of The Hope Chest property, including items sold and those still possessed. Remaining items and money received from sales were to be taken to the office of the Arnolds' attorney and further sales were enjoined.

On June 21, 2000, summonses were issued for the two Arnolds and service of the summonses was accomplished the following July. The Arnolds moved to dismiss the intervention and vacate the chancellor's intervention order. In their motion, they termed the order an *ex parte* order. No issue was raised in that motion regarding the inability to gainfully rent the Van Buren building. The motion was denied.

We turn then to the first argument raised by the Arnolds in support of their petitions for writs of *certiorari* and prohibition. The Arnolds contend that the chancellor lacks subject-matter jurisdiction to adjudicate the Crawford County landlord-tenant dispute which is unrelated to the Sebastian County divorce action. They seek a writ of *certiorari* as to the actions already taken by the chancellor in his Temporary Order and his Order Allowing Intervention and Injunction, and a writ of prohibition prohibiting any further action relating to the landlord-tenant dispute in Crawford County. The distinction drawn by the Arnolds between the applicability of the two writs is correct. *See Oliver v. Pulaski County Cir. Ct.*, 340 Ark. 681, 13 S.W.3d 156 (2000).

■■ This court will issue a writ of prohibition to prevent or prohibit a trial court from acting wholly without jurisdiction. *See Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000) (citing *Raines v. State*, 335 Ark. 376, 980 S.W.2d 269 (1998)). Prohibition prevents an action from occurring. *See id.* (citation omitted). A writ of *certiorari*, on the other hand, is appropriate when it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion by the trial judge, and there is no other adequate remedy. *See id.* (citing *Arkansas Pub. Defender Comm'n v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000)).

■ As an initial matter, we take issue with how the Arnolds have framed this point. Under our Family Law Code, the chancellor in a divorce action distributes all marital property, one-half to

each party, unless the chancellor finds that division to be inequitable. Ark. Code Ann. § 9-12-315(a)(1)(A) (Repl. 1998). By necessity, the chancellor must first determine what comprises marital property in order to distribute it. Moreover, a determination of what property is marital property does not end at the county line. To make an equitable distribution, chancellors must decide what qualifies as marital property regardless of whether the property is physically located within the county or judicial district where the divorce action was brought. Indeed, it is commonplace for chancellors to distribute property which is located outside of their counties or judicial districts. *Cf. Champion v. Champion*, 238 Ark. 87, 378 S.W.2d 648 (1964) (chancery court in Arkansas County ordered sale of properties in Arkansas and Monroe counties); *Gooch v. Gooch*, 10 Ark. App. 432, 664 S.W.2d 900 (1984) (chancery court in Clark County ruled that neither party was to have an interest in property the other owned before marriage, including appellee's lake house in Garland County).

■■ The Arnolds correctly point out that we have stated, as a general matter, that a chancellor has no authority to decide the validity of an obligation to a third party who is not a party to the divorce. *See, e.g., Grace v. Grace*, 326 Ark. 312, 930 S.W.2d 362 (1996). But we do not view the chancellor's actions in this case as an impermissible effort to decide the landlord-tenant disagreement over The Hope Chest property or the rights of the Arnolds to that property as landlords under Ark. Code Ann. § 18-16-108 (Supp. 1999). Rather, we view the chancellor's efforts as totally geared toward identifying and determining what is marital property. Hence, we view this argument as no basis for issuing the requested writs.

■ The Arnolds next contend that the chancellor is attempting to assert jurisdiction over them in a divorce case when venue for the landlord-tenant matter properly lies in Crawford County under Ark. Code Ann. §§ 16-60-101 and 16-60-102 (1987). Again, we disagree with the Arnolds' premise as we do not see the chancellor's actions as an effort to exercise jurisdiction over the landlord-tenant dispute. Whether The Hope Chest property has been abandoned so as to make it susceptible to satisfying past due rent under § 18-16-108 or subject to a landlord's lien under that same section could well be decided in separate litigation, and if that litigation was brought, venue would be proper in Crawford County. But that fact

does not militate against the chancellor's legitimate actions to identify marital property pursuant to § 9-12-315(a)(1)(A) for purposes of the Sebastian County divorce action, which includes taking into consideration the estate, liabilities, and needs of each party. Ark. Code Ann. § 9-12-315(a)(1)(A)(vii) (Repl. 1998).

For their next point, the Arnolds claim that the chancellor cannot force them to intervene in the divorce action against their will. The chancellor's order in that regard has no basis in our Rules of Civil Procedure, according to the Arnolds. The proper procedure, they maintain, would have been for Shane Reeves to implead them under Ark. R. Civ. P. 14, and that was not done. Hence, they contend our issuance of a writ of *certiorari* is proper.

■ We disagree. Our Rules of Civil Procedure contemplate precisely what the chancellor did in this case. First, with regard to persons needed for just adjudication, Rule 19(a) of the Arkansas Rules of Civil Procedure reads:

> *Persons to Be Joined If Feasible.* A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

Without question, the Arnolds claim an interest in The Hope Chest inventory and complete relief for the Reeveses regarding marital property cannot be accomplished without their joinder. Furthermore, Rule 21 of the Arkansas Rules of Civil Procedure provides in part: "Parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and upon such terms as are just." That is precisely what was done in this case. This court has recently recognized the need for mandated joinder of indispensable and necessary parties by the trial court under appropriate circumstances. *See, e.g., Arkansas State Med. Bd. v. Bolding*, 324 Ark. 238, 920 S.W.2d 825 (1996). In this regard,

we agree with the court of appeals which has held that third parties may be brought into divorce actions for the purpose of determining the rights of the spouses in specific properties. *See Hodges v. Hodges*, 27 Ark. App. 250, 770 S.W.2d 164 (1989); *Copeland v. Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981) (citing *Lance v. Mason*, 151 Ark. 114, 235 S.W.2d 394 (1921)).

We recognize that Rules 19(a) and 21 were not argued in the briefs before this court. Nevertheless, if the action taken by the chancellor is well grounded in our Rules of Procedure, we can affirm that action even though the chancellor's order was couched in terms of intervention rather than joinder. *See Van Camp v. Van Camp*, 333 Ark. 320, 969 S.W.2d 184 (1998) (recognizing that where a chancellor reaches the right result even if based on the wrong reasons, Supreme Court will affirm). There is no basis for issuing a writ of *certiorari* on this point.

The Arnolds next urge that the chancellor's Order for Intervention and Injunction was *ex parte* and, accordingly, they received no notice or opportunity to be heard. Along this same line, they contend that there was no emergency necessitating this order, and this, they claim, is proved by the fact that summonses for the Arnolds were served almost two months later and that there has been no compliance with Ark. R. Civ. P. 65 relating to injunctions. In their Motion to Dismiss Intervention and Vacate Order filed on July 19, 2000, they do refer to the chancellor's *ex parte* order, but they make none of the arguments that they are now raising in their petitions. Hence, the issues advanced were never considered by the chancellor or ruled on by him. We have held that a petition for writ of *certiorari* cannot be used as a substitute for appeal. *See, e.g., Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995). But that appears to be exactly what the Arnolds are doing by raising these points relating to notice and opportunity to be heard in their petitions for extraordinary relief. We will not entertain these issues at this stage of the proceedings when they are raised in support of a petition for a writ of *certiorari* filed while a divorce action is pending. The same is true for the next issue raised by the Arnolds which relates to the denial of due process because they are unable to gainfully rent their property in Crawford County as a result of the inventory orders. We fail to see where the chancellor had the opportunity to address this issue in the divorce action.

■ Because there are no grounds for granting these petitions, we deny them.