Teresa BALLARD, Kenisha Bryant,
and Cheryl King *v.* The CLARK COUNTY,
Arkansas, CIRCUIT COURT

01-1251 61 S.W.3d 178

Supreme Court of Arkansas
Opinion delivered December 13, 2001

*The Nixon Law Firm*, by: *David G. Nixon* and *Paige E. Young*, for petitioners.

*Morgan & Turner*, by: *Todd Turner*, for respondent Circuit Court of Clark County, Arkansas.

*Bowman and Brooke LLP*, by: *Robert M. Buell* and *Charles K. Seyfarth*; and *Wright, Lindsey & Jennings LLP*, by: *Claire Shows Hancock*, for respondents Advance America, Cash Advance Centers of Arkansas, Inc.

PER CURIAM. Petitioners Teresa Ballard, Kenisha Bryant, and Cheryl King petition this court for a writ prohibiting Respondent Clark County Circuit Court from requiring Petitioners to post a *supersedeas* bond pending the outcome of an appeal filed by Petitioners. In support of their petition, Petitioners argue that the circuit court is without authority to order the posting of a

bond, as the Petitioners have not requested a stay of the proceedings pending the appeal. We reject this argument, and thus deny the petition.

The present petition arises from an appeal by the Petitioners of the circuit court's approval of a class-action settlement in a case styled *Garrett v. Advance America*, No. CIV 99-152. A detailed summary of the facts underlying this matter is set forth in *Ballard v. Clark County Circuit Court*, 347 Ark. 286, 61 S.W.3d 175 (2001) (*per curiam*). For purposes of this petition, it is important to point out that Petitioners filed a timely notice of appeal from the circuit court's order approving the settlement. Thereafter, Phyllis Garrett, the named representative in the class-action lawsuit, filed a motion with the circuit court requesting that Petitioners be required to post a bond pending appeal. The circuit court granted the motion and ordered Petitioners to post a bond in the amount of $750,000. Petitioners have not complied with the circuit court's order and now petition this court for a writ of prohibition.

 At the outset, we note that this petition is styled "Petition for Writ of Prohibition or Certiorari." This court will issue a writ of prohibition to prevent or prohibit a trial court from acting wholly without jurisdiction. *See Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000) (citing *Raines v. State*, 335 Ark. 376, 980 S.W.2d 269 (1998)). Prohibition prevents an action from occurring. *Id.* This court has routinely held that a writ of prohibition will not lie for actions already taken. *May Constr. Co., Inc. v. Thompson*, 341 Ark. 879, 20 S.W.3d 345 (2000); *Oliver v. Pulaski County Circuit Court*, 340 Ark. 681, 13 S.W.3d 156 (2000). Thus, prohibition is not appropriate in this situation, as the circuit court has already ordered Petitioners to post a *supersedeas* bond.

 A writ of certiorari, on the other hand, is appropriate when it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion by the trial judge, and there is no other adequate remedy. *Arnold v. Spears*, 343 Ark. 517, 36 S.W.3d 346 (2001); *Zimmerman*, 341 Ark. 771, 20 S.W.3d 301. It is well settled that certiorari will not be used to look beyond the face of the record to ascertain the actual merits of the controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Id.* (citing *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992)). This court, however, has the discretion to treat a petition for writ of prohibition as if it were properly filed as a petition for a writ of certiorari. *Id.*

▮ Petitioners' allegation that the circuit court is wholly without jurisdiction to order them to post a *supersedeas* bond is insufficient to warrant the issuance of a writ of certiorari. Under Ark. R. App. P.—Civ. 8(b), the clerk of the court which rendered the order being appealed from is the proper party to issue a *supersedeas*, unless the record has been lodged with the appellate court. In this case, the circuit court issued the order requiring Petitioners to post the bond on September 5, 2001. At that time, the trial court was still vested with jurisdiction over the matter, as Petitioners did not lodge the record with the clerk of this court until November 2, 2001. Thus, it is not apparent on the face of the record now before us that the circuit court's order requiring a *supersedeas* bond was a manifest abuse of discretion. Accordingly, we deny the writ.

Along with this petition, Petitioners filed a motion to consolidate the record filed with this petition with the record filed in the pending appeal of this matter. It is unnecessary to address this issue, as it is rendered moot by our denial of the writ.

Writ denied.

IMBER, J., not participating.