Teresa BALLARD, Kenisha Bryant,
and Cheryl King v. The CLARK COUNTY,
Arkansas, CIRCUIT COURT

01-1268                                          61 S.W.3d 175

Supreme Court of Arkansas
Opinion delivered December 13, 2001

---

[2] Because the oversized exhibits are irreplaceable, they should be hand-delivered to the clerk of this court.

*The Nixon Law Firm*, by: *David G. Nixon* and *Paige E. Young*, for appellant.

No response.

PER CURIAM. Petitioners Teresa Ballard, Kenisha Bryant, and Cheryl King petition this court for a writ of prohibition to prevent the Clark County Circuit Court from ruling on a

motion to strike their notice of appeal. We grant the motion to expedite consideration of this matter, and we grant the petition for writ of prohibition, and order that the writ be issued.

Petitioners were potential members of a class action lawsuit against Advance America, a check-cashing establishment. *See Garrett v. Advance America, Cash Advance Centers of Arkansas, Inc.*, No. CIV-99-152 (Clark County, Arkansas). On July 18, 2001, the circuit court approved a settlement agreement between Advance America and the class representatives. Petitioners disapproved of this settlement agreement, and their disapproval has spawned several appeals.

Petitioners first filed a motion to intervene as separate parties in the class action, after the settlement was struck. The circuit court denied this motion. The petitioners filed their first notice of appeal from this denial on August 10, 2001. This appeal was docketed as CA 01-1218. Petitioners lodged a partial record in connection with this appeal.

Also on August 10, 2001, Petitioners filed a second notice of appeal, appealing the circuit court's order approving the settlement agreement. This appeal was docketed as CA 01-1190. On November 2, 2001, petitioners lodged a complete record of proceedings with this court for this second appeal.

In response to the two notices of appeal filed on August 10, 2001, the class representatives filed a motion to post *supersedeas* bond. The circuit court ordered a hearing on the matter for September 5, 2001, and on September 11, 2001, the circuit court granted the motion to post bond and ordered the petitioners to post the bond in the amount of $750,000. On September 20, 2001, petitioners filed a third notice of appeal seeking appellate review of the bond requirement. This appeal is docketed as CA 01-1182. Petitioners lodged a partial record for this third appeal.

On October 3, 2001, the class representatives filed a motion to strike the September 20, 2001 notice of appeal in CA 01-1182, which dealt with the appeal of the order to post a *supersedeas* bond. On November 2, 2001, the class representatives filed a motion to show cause why the petitioners should not be held in contempt for failing to comply with the circuit court's order to post bond. The motion to strike and the contempt issue were set for hearing in the trial court on December 10, 2001. On December 5, 2001, the December 10, 2001 hearing was temporarily stayed by this court.

On November 13, 2001, the petitioners filed a petition for writ of prohibition to bar the circuit court from requiring a *supersedeas* bond. This petition was docketed as 01-1251. Three days later, on November 16, 2001, the petitioners filed a second petition for writ of prohibition to bar the circuit court from striking their notice of appeal. This petition was docketed as 01-1268. No response has been filed to this petition. It is this November 16, 2001 petition for writ of prohibition that this *per curiam* opinion addresses.

■ The petition for writ of prohibition in 01-1268 asserts that the circuit court is wholly without jurisdiction to decide the motion to strike the notice of appeal. The standards governing issuance of writs of prohibition have been often stated by this court. A writ of prohibition is issued by this court to prevent or prohibit the lower court from acting wholly without jurisdiction. *Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000); *Raines v. State*, 335 Ark. 376, 980 S.W.2d 269 (1998); *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Young v. Smith, supra*; *Tatro v. Langston*, 328 Ark. 548, 944 S.W.2d 118 (1997). We have stated that a writ of prohibition is never issued to prohibit an inferior court from erroneously exercising its jurisdiction. *Young v. Smith, supra*; *Dougan v. Gray*, 318 Ark. 6, 884 S.W.2d 239 (1994); *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). Prohibition lies to the circuit court and not to the individual judge. *Crump v. Ford*, 346 Ark. 156, 55 S.W.3d 295 (2001) (*per curiam*); *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997).

■ Three records have been filed in connection with petitioners' various appeals: (1) a complete record for the appeal from the approved settlement (CA 01-1190); (2) a partial record for the appeal from the denial of the motion to intervene (CA 01-1218); and (3) a partial record for the appeal-bond requirement (CA 01-1182).[1] A trial court ceases to have jurisdiction over a case when the record is filed and the case is docketed in the appellate court. *McElroy v. American Medical Int'l, Inc.*, 297 Ark. 527, 763 S.W.2d 89 (1989) (citing *Venhaus v. Pulaski County Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987); *Brady v. Alken, Inc.*, 273 Ark. 147, 617

---

[1] On December 4, 2001, the court of appeals certified these three appeals to the supreme court.

S.W.2d 358 (1981); *Estes v. Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968)).

■ Three records have now been filed with the Supreme Court Clerk in appeals relating to this class-action settlement, including CA 01-1182 dealing with the appeal from the order to post a *supersedeas* bond. The record in CA 01-1190 was a complete record of proceedings in the circuit court regarding the approval of the settlement. The partial record in CA 01-1182 supplements the record in CA 01-1190 and includes motions to require a bond and responses and the circuit court's order requiring a bond. The record filed in 01-1268 for the writ of prohibition includes the petition for writ of prohibition with the attached motion to strike the appeal, the response, and the brief in support of the petition. It, thus, appears that the circuit court is wholly without jurisdiction to strike the notice of appeal in CA 01-1182 because of the filing of the necessary records for the appeal of this matter and the docketing of the appeal. The circuit court, accordingly, is wholly without jurisdiction to act on the motion to strike.

■ We further note that this court has held that a trial court operates in excess of its authority when it dismisses an appeal to an appellate court. *See Venhaus v. Pulaski County Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987). In *Johnson v. Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), we held that a trial court may not act on a motion to dismiss appeal filed at the trial court level:

> We are troubled by the apparent misunderstanding to the effect that trial judges may dismiss appeals. While we give the trial court the authority to extend the time for docketing the record with us or with the court of appeals, our rules of appellate procedure do not confer on the trial court the power to dismiss appeals. Those rules, as we said of the comparable statutes in *Davis v. Ralston Purina Co.*, [248 Ark. 14, 449 S.W.2d 709 (1970)] and again about the rules in *Brady v. Alken*, [273 Ark. 147, 617 S.W.2d 358 (1981)], are for *this court* to apply.

*Johnson*, 290 Ark. at 259-60, 718 S.W.2d at 437 (emphasis in original). *See also Stahl v. State*, 328 Ark. 106, 940 S.W.2d 880 (1997); *McElroy v. American Medical Int'l, Inc.*, 297 Ark. 527, 763 S.W.2d 89 (1989). In *Stahl*, we treated a petition for writ of prohibition as a petition for writ of certiorari and granted the writ, thus preventing the circuit court from striking the notice of appeal.

Petitioners filed a motion to consolidate the record at the same time they filed the petition for writ of prohibition. This motion requests that the Supreme Court Clerk consolidate the petition record (01-1268) with the record on appeal concerning the *supersedeas* bond (CA 01-1182). The motion to consolidate is denied as moot, as we have decided by this opinion that the petition for a writ of prohibition should be granted.

Motion for expedited appeal; granted.

Motion to consolidate; moot.

Petition for writ of prohibition; writ issued.

IMBER, J., not participating.