Crystal LUEBBERS, Teresa Ballard, Kenisha Bryant, and Cheryl King v. ADVANCE AMERICA, CASH ADVANCE CENTERS OF ARKANSAS, INC.

01-1182                                                    74 S.W.3d 608

Supreme Court of Arkansas
Opinion delivered May 9, 2002
[Petition for rehearing denied June 13, 2002*]

---

* GLAZE, J., not partipating.

*The Nixon Law Firm*, by: *David G. Nixon* and *Paige E. Young*, for appellants.

*Bowman and Brooke LLP*, by: *Robert M. Buell* and *Charles K. Seyfarth*; *Wright, Lindsey & Jennings LLP*, by: *Claire Shows Hancock*, for appellee Advance America, Cash Advance Ctrs. of Ark., Inc.

*Morgan & Turner*, by: *Todd Turner*, for appellee Phyllis Garrett.

JIM HANNAH, Justice. Appellants Crystal Luebbers[1], Teresa Ballard, Kenisha Bryant, and Cheryl King appeal the Clark County Circuit Court's order requiring them to post a $750,000 bond to stay the execution of a court-approved settlement between members of a class, to which appellants belong, and Appellee Advance America Cash Advance Centers of Arkansas, Inc. (Advance America).

This limited appeal is part of a larger class-action lawsuit between a class of approximately 19,000 members and Advance America, a check-cashing company. Appellants here are class members of the plaintiff class. Appellee Phyllis Garrett is a designated representative of the class. On July 18, 2001, the circuit court approved a settlement agreement between Advance America and the class through its representatives. Appellants disapproved of this settlement agreement, and their disapproval has spawned several appeals.

---

[1] Although Crystal Luebbers is named as an appellant in this action, the trial court granted her motion to withdraw as a party of record in this matter on December 5, 2001.

Appellants first filed a motion to intervene as separate parties in the class action, after the settlement was struck. The circuit court denied this motion. The appellants filed their first notice of appeal from this denial on August 10, 2001. This appeal was docketed as CA 01-1218. Appellants lodged a partial record in connection with this appeal.

Also on August 10, 2001, appellants filed a second notice of appeal, appealing the circuit court's order approving the settlement agreement. This appeal was docketed as CA 01-1190. On November 2, 2001, appellants lodged a complete record of proceedings with this court for this second appeal.

In response to the two notices of appeal filed on August 10, 2001, the class representatives filed a motion for appellants to post a supersedeas bond. The circuit court ordered a hearing on the matter for September 5, 2001, and on September 11, 2001, the circuit court granted the motion to post bond and ordered the appellants to post the bond in the amount of $750,000. On September 20, 2001, appellants filed a third notice of appeal seeking appellate review of the bond requirement. This appeal is docketed as CA 01-1182. Appellants lodged a partial record for this third appeal. This is the subject of this current appeal before the court.

On October 3, 2001, the class representatives filed a motion to strike the September 20, 2001, notice of appeal in CA 01-1182, which dealt with the appeal of the order to post a supersedeas bond. On November 2, 2001, the class representatives filed a motion to show cause why the appellants here should not be held in contempt for failing to comply with the circuit court's order to post bond. The motion to strike and the contempt issue were set for hearing in the trial court on December 10, 2001. On December 5, 2001, the December 10, 2001, hearing was temporarily stayed by this court pending our decision on the appellants' petition for writ of prohibition requesting this court to prohibit the trial court from striking their notice of appeal from the settlement-approval order. We granted the appellants' petition for writ of prohibition on December 13, 2001.

On November 13, 2001, the appellants filed a petition for writ of prohibition or for certiorari to bar the circuit court from

requiring a supersedeas bond. This petition was docketed as 01-1251. Three days later, on November 16, 2001, the appellants filed a second petition for writ of prohibition to bar the circuit court from striking their notice of appeal. This petition was docketed as 01-1268. On December 13, 2001, this court denied the appellants's petition for writ of certiorari to bar the circuit court from requiring a supersedeas bond, holding that because the circuit court's order to post the bond was entered prior to the filing of the appeals, the circuit court still maintained jurisdiction to enter such order. As such, this court determined that the record on its face did not indicate that the trial court was "wholly without jurisdiction," and a writ of certiorari was improper. This decision, however, did not reach the merits at to whether the circuit court could require appellants to post such a bond, the issue that is before us now. Also on December 13, 2001, this court granted the appellants's petition for writ of prohibition to prohibit the circuit court from dismissing their appeal from the circuit court's order approving the settlement. We determined that dismissal of an appeal is not a proper matter for the trial court, and the circuit court no longer had jurisdiction to act on the motion to dismiss because the records had been filed in the appeals.

Appellants now ask us to determine whether the trial court erred in granting the class representative's motion to require appellants to post a supersedeas bond for a stay pending their appeal of the underlying orders approving the class-action settlement and denying appellants's motion to intervene.

On appeal, the appellants make three arguments. First, they argue that the trial court did not have the authority under Arkansas Rule of Civil Procedure 62(d) and Arkansas Rule of Appellate Procedure—Civil 8 to order them to post a supersedeas bond when they had not requested a stay pending appeal of the trial court's order approving the settlement between the class and Advance America. They note that we have no cases directly on point, but several federal courts have addressed this exact issue under Federal Rule of Civil Procedure 62(d) and have held that the trial court cannot require the posting of a bond when no stay has been requested. Second, appellants argue that the trial court cannot maintain a contempt action against them for failure to

comply with the court's order to post the bond because the bond requirement may only follow the request of a stay, and no party has requested a stay in this action. Therefore, failure to comply with the posting order also cannot be reached. Third, appellants argue that if this court determines that the trial court acted within its authority to require the bond, the trial court abused its discretion in this case in ordering them to post a bond for $750,000. The appellants assert that they do not have the means to post that much for a bond, as evidenced by the fact that they were part of a class of people who had to get payday advances from Advance America, resulting in this action in the first place. They argue that requiring a bond here would, in effect, be a denial of due process to people who cannot afford to appeal if the bond is required.

Advance America argues in response first that the trial court had the authority to order the appellants to post the supersedeas bond because the trial court retained jurisdiction since the record had not yet been lodged in the underlying appeal. It also asserts that these same arguments were made in the appellants's petition for writ of prohibition, and that this court denied the arguments then. Second, Advance America asserts that the trial court can hold appellants in contempt for failing to comply with an order of the court. Absent a supersedeas, a trial court retains jurisdiction to enforce its orders, and no supersedeas was filed here. Third, Advance America argues that the trial court did not err in requiring the appellants to post a bond because courts determine on a case-by-case basis the extent to which a judgment is in jeopardy and require sufficient security to protect that judgment. Fourth, Advance America argues that the appellants's appeal is premature because an order to post bond is not a final appealable order from which an appeal may be had. The trial court is still considering the matter after it held a show-cause hearing on January 14, 2002, and there is no indication as to whether the court will require, through a contempt order, the bond to be posted. Finally, Advance America argues that the appellants lack standing here because they have not been aggrieved by the order because they have not posted the bond to date. The class representative, too, filed a brief, arguing essentially the same matters as did Advance America in its points on appeal.

In looking at the merits of this issue, we determine that appellants do not have standing to appeal this issue because they are not parties who may take independent action in the underlying class action. Rather, they are class-member objectors at this juncture. Their motion to intervene was denied by the trial court, and unless this court reverses that order in that upcoming appeal, appellants will not be independent parties to this class action.

We are cognizant of the fact that in the class action, they are members of the plaintiff class. However, the general rule is that class members lack standing to appeal a decision approved by the class representatives. *Haberman v. Lisle*, 317 Ark. 600, 884 S.W.2d 262 (1994) (citing *Croyden Assoc. v. Alleco, Inc.*, 969 F.2d 675 (8th Cir. 1992)[2]). However, in *Haberman* we stated:

> We point out, though, that an unsatisfied class member is not without alternatives. An unsatisfied class member's options are to move to intervene as of right, collaterally attack the settlement approval by filing a separate suit challenging the adequacy of the class representation, or he may opt out. *See Croyden*, 969 F.2d 675, 678. The rationale of the class action is to render manageable litigation involving numerous class members who would otherwise all have access to court via individual lawsuits. As was emphasized in *Croyden*, if each dissatisfied class member could appeal individually, litigation would be uncontrollable, and the purpose of class actions would be defeated.

*Haberman*, 318 Ark. at 180. Here, appellants did not opt out, nor did they file a lawsuit to challenge the adequacy of the class representation. Therefore, their only recourse was to attempt to intervene, which they have tried to do. The trial court, however, denied this motion, and appellants have appealed that decision,

---

[2] The Eighth Circuit Court of Appeals in *Croyden, supra*, determined that unnamed class members who object to a settlement must move to intervene, and they will be denied standing to appeal if they have not done so. *Croyden* relies in part on *Marino v. Ortiz*, 484 U.S. 301 (1988), in which the Supreme Court held that settlement objectors who were not class members, but who would have been affected by the settlement, could not appeal from the settlement order because they had not intervened and, thus, were not parties to the action. *Croyden* and *Guthrie v. Evans*, 815 F.2d 626 (11th Cir. 1987), in particular, have extended *Marino's* holding to apply to unnamed class members who have yet to successfully intervene, such as the appellants here.

which they may do. *See Cupples Farms Partner v. Forrest City Prod. Credit*, 310 Ark. 597, 839 S.W.2d 187 (1992). However, until their intervention issue is decided, the appellants are not independent parties to this action, other than as class-member objectors who have no right to independently appeal the class settlement. Therefore, it follows that the appellants are not "parties" to the class-action proceeding and, as such, cannot appeal a ruling by the trial court on an order to post a bond. Because we dismiss this appeal due to the appellants's lack of standing, we do not reach any other issues in this appeal.

Appeal dismissed.

GLAZE, J., not participating.