Teresa BALLARD, Kenisha Bryant, Cheryl King, and
Crystal Luebbers *v.* Phyllis GARRETT,
and Advance America Cash Advance Centers of Arkansas

01-1218                                    75 S.W.3d 688

Supreme Court of Arkansas
Opinion delivered May 21, 2002

*The Nixon Law Firm,* by: *David G. Nixon* and *Paige E. Young;* and *Logan Thompson Miller Bilbo Thompson Fisher, PC,* by: *Richard A. Fisher* and *Jimmy W. Bilbo,* for appellants.

*Morgan & Turner*, by: *Phyllis Garrett*, for appellee Phyllis Garrett.

*Bowman and Brooke, LLP*, by: *Robert M. Buell* and *Charles K. Seyfarth*; and *Wright, Lindsey & Jennings*, by: *Claire Shows Hancock*, for appellee Advance America.

P ER CURIAM. This appeal stems from a class action usury suit filed by appellee Phyllis Garrett against appellee Advance America Cash Advance Centers of Arkansas, Inc., on October 12, 1999[1].

On July 6, 2001, appellants, Teresa Ballard, Kenisha Bryant, Cheryl King, and Crystal Luebbers, who were also members of the class, filed a motion seeking to intervene in the action. On July 16, 2001, a hearing was held on appellants' motion. On July 18, 2001, the trial court, finding that appellants' motion to intervene was untimely and that appellants' interest were adequately represented, denied the motion to intervene.

It is from the trial court's denial of their motion to intervene, that appellants appeal. We took this case under submission on May 16, 2002. Upon reviewing the materials included in appellants' abstract and addendum, it is apparent that appellants' filing was deficient in that several relevant pleadings and documents that are essential to an understanding of the issues were not contained in appellants' abstract or addendum. We are deferring action on this appeal until appellants fully comply with the provisions of Supreme Court Rule 4-2.

Supreme Court Rule 4-2(8)(b)(3) explains the procedure that we now follow when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum

---

[1] We note that we have considered appeals involving these parties on several occasions. *See Luebbers v. Advance America Cash Advance*, 348 Ark. 567, 74 S.W.3d 608 (2002), *Ballard v. Clark County Circuit Court*, 347 Ark. 291, 61 S.W.3d 178, *Ballard v. Clark County Circuit Court*, 347 Ark. 286, 61 S.W.3d 175 (2001), *Advance America Cash Advance Centers Of Arkansas, Inc. v. Garrett*, 344 Ark. 75, 40 S.W.3d 239 (2001).

to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (7). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

*Id.*

Appellants have failed to comply with Supreme Court Rule 4-2. The rule in relevant part provides:

Following the signature and certificate of service, the appellant's brief shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the court's jurisdiction on appeal. In the case of lengthy, pleadings or documents, only relevant excerpts in context need to be included in the addendum. Depending upon the issues on appeal, the addendum may include such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; orders; administrative law judge's opinion; discovery documents; requests for admissions; and *relevant pleadings or documents essential to an understanding of the court's jurisdiction on appeal such as the notice of appeal.* The addendum shall include an index of its contents and shall also be clear where any item appearing in the addendum can be found in the record. The appellee may prepare a supplemental addendum if material on which the appellee relies is not in the appellant's addendum. Pursuant to subsection (c) below, the clerk will refuse to accept an appellant's brief if its addendum does not contain the

required order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion. The appellee's brief shall only contain an addendum to include an item which the appellant's addendum fails to include.

*Id.* (emphasis added).

In the case now before us, appellants' addendum contains only the trial court's order denying appellants' request for intervention. The following information, which is essential to an understanding of the case, is missing: (1) appellants' motion to intervene; (2) appellants' brief in support of motion to intervene; (3) appellees' responses to appellants' motion to intervene; (4) appellees' brief in support of objection to motion to intervene; and (5) appellants' notice of appeal and designation of the record.

Appellee Phyllis Garrett noted in her brief that appellants failed to include a copy of their motion to intervene. However, appellee Garrett did not provide us with a supplemental addendum. The other information which is missing from appellants' addendum was not mentioned by either appellee.

Review of appellants' motion to intervene and appellees' responses to the motion to intervene is essential to our consideration of this appeal. Specifically, a review of these documents is needed for us to understand the arguments that were raised below and the arguments that the trial court considered when it denied appellants' motion. Moreover, we note that a review of the notice of appeal filed by appellants is critical in determining whether we have jurisdiction over this matter. Because appellants have failed to comply with Rule 4-2, we are ordering appellants to submit a revised or supplemental abstract and addendum that contains all relevant pleadings and documents that are essential to an understanding of the issues raised in this appeal. Appellants must file a complying abstract, addendum, and brief within fifteen days from the entry of this order. Thereafter, appellees will have five days to respond.

GLAZE, J., not participating.