Teresa BALLARD, Kenisha Bryant, Cheryl King, and
Crystal Luebbers *v.* Phyllis GARRETT, Individually and as
Advance America Cash Advance Centers of Arkansas

01-1218                                          78 S.W.3d 73

Supreme Court of Arkansas
Opinion delivered June 20, 2002

*The Nixon Law Firm*, by: *David G. Nixon* and *Paige E. Young*, for appellants.

*Morgan & Turner*, by: *Todd Turner*, for appellee Phyllis Garrett.

*Bowman and Brooke LLP*, by: *Robert M. Buell* and *Charles K. Seyfarth*; and *Wright, Lindsey & Jennings*, by: *Claire Shows Hancock*, for appellees Advance America Cash Advance Centers of Arkansas, Inc.

Ray Thornton, Justice. This appeal stems from a class action usury suit that was filed by appellee, Phyllis Garrett, against appellee, Advance America Cash Advance Centers of Arkansas, Inc. [Advance America], on October 12, 1999.[1] On April 9, 2001, a conditional settlement class was certified. On May 2, 2001, a proposed settlement agreement was preliminarily approved, and notice was given to class members. The class included approximately 19,000 people. Notice was sent to the potential class members on May 22, 2001, and May 23, 2001. The notice informed the members that a fairness hearing would be held on July 18, 2001. The potential class members were given until June 30, 2001, to opt out of the class.

On July 6, 2001, appellants, Teresa Ballard, Kenisha Bryant, Cheryl King, and Crystal Luebbers, who were members of the class, filed a motion seeking to intervene in the action. On July 16, 2001, a hearing was held on appellants' motion. On July 18, 2001, the trial court found that appellants' motion to intervene was untimely, that appellants' interests were adequately represented, and it denied the motion to intervene.

On July 18, 2001, the previously scheduled fairness hearing was held in the Clark County Circuit Court. In the record pertaining to the motion to intervene, there is no showing that appellants attended the fairness hearing or entered an objection to the proposed settlement. Following the fairness hearing, the settlement was approved and appellants appealed from the trial court's denial of their motion to intervene, raising two points on appeal. We affirm the trial court.[2]

---

[1] We have considered appeals involving these parties on several occasions. *See* *Ballard v. Garrett*, 349 Ark. 29, 75 S.W.3d 688 (2002); *Luebbers v. Advance America Cash Advance*, 348 Ark. 567, 74 S.W.3d 608 (2002), *Ballard v. Clark County Circuit Court*, 347 Ark. 291, 61 S.W.3d 178, *Ballard v. Clark County Circuit Court*, 347 Ark. 286, 61 S.W.3d 175 (2001), *Advance America Cash Advance Centers of Arkansas, Inc. v. Garrett*, 344 Ark. 75, 40 S.W.3d 239 (2001).

[2] We have reviewed the recent United States Supreme Court decision *Devlin v. Scardelletti*, 536 U.S. 1 (2002), and conclude that its holding has no impact on the trial court's denial of appellants' motion to intervene. *Devlin* does not address circumstances in which the parties failed to act in a timely manner to protect any interest that they would have in a proposed settlement.

This case was submitted to us on May 16, 2002. Because the abstract and addendum were deficient in that they did not contain all materials needed for us to review the appeal, we issued a *per curiam* order on May 21, 2002, allowing additional time under Supreme Court Rule 4-2(b)(3) for the deficiencies to be corrected. *See Ballard v. Garrett*, 349 Ark. 29, 75 S.W.3d 688 (2002). Those deficiencies have been corrected, and we now address the merits of appellants' appeal.

In their first point on appeal, appellants contend that the trial court's denial of their motion to intervene was erroneous. The procedure for intervention is set out in Rule 24 of the Arkansas Rules of Civil Procedure. The rule provides in relevant part:

> (a) Upon timely application anyone shall be permitted to intervene in an action: (a)(1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ark. R. Civ. P. 24.

The right to intervene when an unconditional right to intervene is not granted by statute depends upon a determination of the threshold question of whether the motion to intervene was made in a timely manner. *See Milberg v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000). We have also explained that timeliness under Rule 24(a) is a matter lying within the discretion of the trial court and will not be subject to reversal absent abuse of that discretion. *Cupples Farms Partner. v. Forrest City Prod. Credit*, 310 Ark. 597, 839 S.W.2d 187 (1992).

Timeliness of intervention under Rule 24 of the Arkansas Rules of Civil Procedure is to be determined from all the circumstances. *Carton v. Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). There are three factors that a trial court must consider in determining timeliness: (1) how far the proceedings have progressed; (2) any prejudice to other parties caused by the delay; and (3) the reason for the delay. *Milberg, supra*.

On this issue, the trial court in this case found:

> [T]he intervenors have not acted in a timely manner as required by Rule 24(a). Furthermore, the court finds that there have been extensive pleadings and discovery conducted by the plaintiffs . . .[.] There are in excess of 19,000 class members who have been notified of this hearing for the court to consider whether or not to finally approve the settlement . . . . the motion to intervene is denied.

First, we must determine how far the proceedings had progressed before appellants sought to intervene in appellees' case. On October 12, 1999, appellee Garrett filed the original complaint, which led to the class action and settlement that is the subject of this appeal. This complaint spawned two interlocutory appeals filed in our court in 2001. In April of 2001, a conditional settlement class was certified. In May 2001, notice was sent to the potential class members. The notice placed the potential class members on notice that a possible settlement had been reached and that a fairness hearing was to be held July 18, 2001. On July 6, 2001, approximately fifteen months after the original complaint had been filed, appellants filed their motion to intervene.

Appellants do not argue that they were not on notice that appellee Garrett's suit had been filed in 1999; instead, appellants argue that they did not have an interest at stake until the conditionally certified settlement class was established in April of 2001. Therefore, appellants contend, that it was not appropriate for them to file a motion to intervene until after they had received notice of the proposed settlement. We have previously addressed and rejected this argument in *Employers National Insurance Co. v. Grantors to the Diaz Refinery PRP Committee Site Trust*, 313 Ark. 645, 855 S.W.2d 936 (1993).

In that case, Employers National Insurance Company and Rangers Insurance Company had issued insurance policies for Diaz Refinery for a four-year period during the 1980's. *Id.* Thereafter, in 1986, the State determined that the refinery was releasing hazardous substances into the environment. In 1989, the State filed an action against Diaz. *Id.* In 1989, the PRP Committee Site Trust also sued Diaz for contribution pursuant to provi-

sions of the Remedial Action Trust Fund Act. In 1990, the PRP Committee Site Trust notified the insurance companies of the pending litigation, but the companies chose not to participate in the litigation until 1991, when they filed motions to intervene. *Id.* Their motions were denied as untimely. On appeal, the insurance companies argued that they had no interest that would have justified intervention until Diaz stopped actively defending the litigation. *Id.* In other words, the insurance companies argued that they were not required to file motions to intervene until such time as they were not satisfied with the way the litigation was progressing. We affirmed the trial court's finding that the motions for intervention were untimely and held:

> The key to our decision is found in the principle that, whatever form of participation these appellants desired to have in the litigation, they were required to act in a timely fashion. The objective of our rules of procedure is the orderly and efficient resolution of disputes. Rule 1 of our Arkansas Rules of Civil Procedure provides that the rules shall be construed "to secure the just, speedy and inexpensive determination of every action." In order to accomplish this mission, trial courts are accorded discretion, within reasonable limits, to require timely action and to deny efforts which would frustrate the achievement of those goals.

*Employers, supra.*

Applying this principle to the case now on review, we conclude that the trial court's finding that appellants' motion to intervene was filed after the litigation had progressed too far was not an abuse of discretion. Appellants were required to act in a timely fashion. Here, appellants sat on their rights and waited until they were not satisfied with the way the litigation was progressing. Appellants delayed filing their motion to intervene until after a conditional settlement was certified and preliminarily approved, and a fairness hearing was scheduled. Their motion was filed just before a final order was entered, ending a fifteen-month litigation process. We conclude that the trial court did not abuse its discretion when it determined that the proceedings had advanced so far that appellants' motion to intervene was not timely.

Next, we consider whether the other parties would have suffered any prejudice caused by the delay resulting from granting appellants' motion to intervene. Appellee Advance America argues that if the trial court had granted appellants' motion to intervene, appellants would have pursued other claims and other defendants, and that this intervention would have caused the parties to suffer financial prejudice. Advance America further argues that if appellants were permitted to intervene, and pursued new causes of action against new defendants, then the original litigation between appellees, for which a settlement agreement had been preliminarily approved, would have been thwarted and the parties would have been forced to perform new discovery and engage in a second round of settlement negotiations. Advance America also argues that adding additional claims and parties to those that led to the certification of a conditional settlement class would lead to further interlocutory appeals and would significantly delay any resolution of the case. Finally, Advance America notes that permitting appellants' intervention would have caused them to suffer a loss of $10,000 which was the amount that they expended when they printed and mailed the notice of the settlement to the 19,000 potential class members.

We note that allowing the intervention would have also delayed the entry of the proposed settlement and would have delayed the class members' ability to collect their compensation. *See Milberg, supra* (holding that the trial court properly denied a motion to intervene when the motion would have caused the other members of the class to be prejudiced by the postponement of a settlement).

Because allowing appellants' intervention would have caused the parties to suffer prejudice, we conclude that the trial court did not abuse its discretion in denying appellants' motion to intervene.

Finally, we must consider whether appellants had a valid reason for the delay in filing their motion to intervene. After reviewing the facts surrounding the filing of appellants' motion, we conclude that appellants did not have a valid reason for delaying the filing of their motion to intervene until nearly fifteen

months after the litigation had begun or two months after a proposed settlement had been reached. Accordingly, the trial court did not err in denying appellants' motion.

█ We conclude that the trial court did not abuse its discretion when it found that appellants' motion to intervene was untimely. Specifically, we conclude that the trial court did not abuse its discretion in finding that: (1) appellants waited until the litigation had progressed too far before they filed their motion to intervene; (2) the granting of appellants' untimely motion would have caused the other parties to the litigation to suffer prejudice; and (3) appellants failed to provide a valid reason for their delay in filing their motion to intervene. Accordingly, we affirm the trial court.

Because appellants' motion failed to comply with the threshold requirement of Rule 24, we decline to address the remaining provisions of the Rule.

In their last point on appeal, appellants argue that the policy behind class action suits, which is to avoid multiple suits brought by multiple parties, is not served if appellants are forced to pursue independent actions challenging the proposed settlement. Appellants argue that they should not be required to pursue a separate suit in order to attack the proposed settlement.[3] In support of this contention, appellants offer the following quote from *UHS of Arkansas v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988):

> In conjunction with our consideration of appellant's interest in intervention and the matter of timeliness, we note as well the purpose of intervention, which is to eliminate duplication of judicial effort by avoiding a multiplicity of suits and to implement the basic jurisprudential assumption that the interest of justice is served when all parties interested in a controversy are afforded an opportunity to be heard.
>
> Not only did UHS present to the trial court sufficient interest for intervention and, under the circumstances, a timely attempt, but it also provided the opportunity for the court to

---

[3] We note that the fact that appellants have pursued an individual action in federal court makes this argument less than convincing.

> avoid a multiplicity of suits. Allowing appellant's motion for intervention would have enabled all parties with an interest in the subject matter to be heard, and the suit could have been decided on the basis of a genuine controversy.

*Id.* (Internal citations omitted).

█ Appellants' reliance on *UHS* is misplaced. Specifically, in that case, we determined that the motion seeking intervention was timely filed, that the party seeking intervention had complied with the provisions of Rule 24(a), and that the parties to the underlying litigation were not adequately representing the intervenor's interests. *UHS, supra.* Based on those conclusions, we held that intervention was proper. *Id.* We also noted that intervention would serve the additional purposes of judicial economy and avoiding multiple suits. *Id.* Contrary to appellants' assertion, we merely noted that under the facts in that case, an added benefit of a timely intervention was that multiple suits would be avoided.

Because appellants failed to meet the requirements of Rule 24, we hold that the trial court did not commit error in denying appellants' motion to intervene.

Affirmed.

GLAZE, J., not participating.

IMBER, J., concurs.

A NNABELLE CLINTON IMBER, Justice, concurring. I agree with the conclusion reached in the majority opinion and write only to clarify that our holding is limited to the facts of this case. Appellee Garrett commenced this class action on October 13, 1999. At least as early as April 2000, appellants were aware of this lawsuit when their attorney referred appellant Kenisha Bryant to appellee Garrett's attorney in order for her to participate in the lawsuit. Thus, at that time, appellants would have known the scope of appellee Garrett's class action; that is, which defendants had been sued and what claims were being pursued. Yet, appellants did not seek to intervene until fourteen months later, asserting that other claims and other defendants should have been pursued by appellee Garrett. It should be noted that in the interim, appellants had filed a separate cause of action against

appellee Advance America in federal court. When appellants attempted to intervene here, their federal lawsuit had already been dismissed by the U.S. District Court.[1] The motion to intervene came less than two weeks before the settlement-approval hearing, and the trial court noted that it came after "there ha[d] been extensive pleadings and discovery[.]" Appellants' intervention would have prejudiced the more than 19,000 class members who did not object, as well as appellee Advance America after it had bargained in good faith to reach the settlement agreement.

---

[1] The U.S. District Court's dismissal order was later affirmed by the Eighth Circuit Court of Appeals.