HOME MUTUAL FIRE INSURANCE COMPANY *v.*
Clinton HAMPTON

99–138                                          986 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered March 4, 1999

*Smith Law Firm*, by: *Truman H. Smith*, for appellant.

*Thomas D. Deen*, for appellee.

P ER CURIAM. Appellee Clinton Hampton filed a motion to dismiss this appeal on the ground that Appellant failed to timely file the notice of appeal. The record reflects that judgment was entered below on September 3, 1998. On September 21, 1998, Appellant filed a motion for judgment notwithstanding the verdict or, alternatively, for new trial pursuant to Rules 50(b) and 59(b) of the Arkansas Rules of Civil Procedure. The trial court denied the motion on October 9, 1998. Appellant filed the notice of appeal on October 19, 1998. The issue is whether Appellant's posttrial motion was timely filed and thus extended the time for filing the notice of appeal. We conclude that the posttrial motion was untimely.

Rule 4(a) of the Arkansas Rules of Appellate Procedure— Civil provides that a notice of appeal shall be filed within thirty days from the entry of judgment. Rule 4(b) provides for an extension of the thirty-day period in certain circumstances:

> Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b), of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or of a motion for a new trial under Rule 59(b), the time for filing notice of appeal shall be extended as provided in this rule.

Thus, to extend that time for filing a notice of appeal, under Rule 4(b), one or more of the enumerated posttrial motions must be timely filed in the trial court. Rules 50(b) and 59(b) provide that motions for judgment notwithstanding the verdict and for new trial must be filed not later than ten days after judgment is entered. Because the time period prescribed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. *See* ARCP Rule 6(a).

Here, the judgment was entered on September 3, 1998. According to the foregoing rules, the last day on which to file a motion for judgment notwithstanding the verdict or for new trial was September 18, 1998. Appellant's motion was thus not timely because it was not filed until September 21, 1998. This court has held that where the appellant failed to file the motion for new trial within the ten-day period provided in Rule 59(b), it was ineffective and thus did not extend the thirty-day time period for filing a notice of appeal. *Benedict v. National Bank of Commerce*, 329 Ark. 590, 951 S.W.2d 562 (1997).

Appellant contends that it timely filed the posttrial motion by facsimile transmitted to the Chicot County Circuit Clerk's office on September 16, 1998. In support of this contention, Appellant offers the affidavits of its attorney, Truman H. Smith, and Mr. Smith's legal secretary, Norma Stocker. Neither affidavit contains any confirmation that the transmitted documents were actually received by the circuit clerk on September 16. Nor does the record contain a copy of the transmitted documents; apparently, it was the practice of the circuit clerk's office to destroy facsimile documents upon receipt of the originals.

Rule 5 of the Arkansas Rules of Civil Procedure provides for the filing of "every pleading and every other paper" filed after the complaint. At the time this motion was transmitted, Rule 5(c)(2)[1] provided:

> The clerk may accept facsimile transmissions of any paper filed under this rule, provided that it is transmitted on to bond-type paper that can be preserved for a period of at least ten years or on to nonbond paper if an original is substituted for the facsimile copy within ten days of transmission. Any signature appearing on a facsimile copy shall be presumed authentic until proven otherwise. A facsimile copy shall be deemed received when it is transmitted *and received* on the clerk's facsimile machine without regard to the hours of operation of the clerk's office. *The date and time printed by the clerk's facsimile machine on the trans-*

---

[1] Effective January 28, 1999, Rule 5(c)(2) provides in pertinent part that "[t]he clerk shall stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day."

*mitted copy shall be prima facie evidence of the date and time of the filing.* [Emphasis added.]

■ In the present case, there is no indication in the record as to when, if at all, the circuit clerk's office received the facsimile transmission from Mr. Smith's office. Rule 5(c)(2) clearly requires evidence that the transmission was received; hence, evidence merely showing the date and time the papers were *transmitted* is insufficient under the rule. In *Bhatti v. McCabe*, 326 Ark. 176, 928 S.W.2d 340 (1996) (*per curiam*), this court held that the date and time on a motion for reconsideration shown by the chancery clerk's facsimile machine could be used in determining whether the record was tendered in a timely manner. There, unlike here, the facsimile copy received by the chancery clerk had the date and time *received* printed upon it by the clerk's facsimile machine, not merely the date and time when the transmission was sent. *See also Tracor/MBA v. Artissue Flowers*, 41 Ark. App. 186, 190, 850 S.W.2d 30, 33 (1993) (holding that "[t]ransmitting legal documents by facsimile machine does not relieve the attorney of his duty to ensure that documents which *must* be timely filed have been timely received.")

■ As there is no evidence that the facsimile transmission was timely received by the circuit clerk's office, the posttrial motion was untimely. Consequently, the notice of appeal, filed more than thirty days after entry of judgment, was also untimely. A timely notice of appeal is essential to this court's jurisdiction. *See Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996); *Binns v. Heck*, 322 Ark. 277, 908 S.W.2d 328 (1995). Accordingly, we must grant Appellee's motion to dismiss the case.

Motion granted.