Barbara STACKS *v.* Leon MARKS

03-203                                                127 S.W.3d 483

Supreme Court of Arkansas
Opinion delivered October 30, 2003

*Steve A. Owings,* for appellant.

*McMath Woods, P.A.,* by: *Paul Harrison;* and *Leon Marks, P.A.,* by: *Leon Marks,* for appellee.

JIM HANNAH, Associate Justice. Barbara Stacks appeals the summary judgment order entered against her in a lawsuit filed by attorney Leon Marks seeking recovery of attorney's fees and costs. Appellee Marks successfully represented Stacks in obtaining disability and medical benefits from her former employer; however, Stacks was only willing to pay a portion of the fees and costs Marks alleged he was due under the contract of representation. Marks filed

suit and brought a motion for summary judgment, which was granted. Marks also brought a posttrial motion for fees, costs, and interest in the present litigation, which was also granted.

Stacks asserts that the trial court erred because there were material questions of fact on whether the contract with Marks was illegal and unenforceable under federal ERISA statutes and Arkansas statutes. She also alleged in her reply brief that the award of fees, costs and interest was in error. However, we do not reach Stacks's issues because of her failure to file a timely notice of appeal with regard to the summary judgment and failure to argue the trial court's decision on the posttrial motion for fees and costs in her original brief. We note that Marks filed a motion to dismiss the appeal from the summary judgment alleging an untimely notice of appeal. The motion to dismiss the appeal from the summary judgment is granted, and the trial court's decision on the posttrial motion for fees and costs is affirmed.

### Appealed Orders and Judgment

One order and two judgments are at issue in this case. Summary judgment was entered by an August 23, 2002, order, which was followed by the filing of a September 11, 2002, judgment setting the amount owed at $31,713.23. Then, on October 31, 2002, the trial court signed a judgment granting a Motion for Postjudgment Award of Fees, Costs, and Interest, which was entered on November 1, 2002.

Marks filed a motion to dismiss in this court alleging that Stacks failed to file a timely notice of appeal on the summary judgment. Stacks filed a notice of appeal on November 27, 2002, which stated it was an appeal from a final October 31, 2002, order. As already noted, the October 31, 2002, order was dated October 31, 2002, but was filed November 1, 2002. Although referred to as an order by Stacks, the appealed from order is entitled judgment and provides:

> Pursuant to the Order entered granting Plaintiff's Motion for Post-Judgment Award of Fees, Costs and Interest. IT IS CONSIDERED ORDERED AND ADJUDGED that judgment in the amount of $19,653.16 be entered for Plaintiff and against Defendant Barbara Stacks.

Thus, the November 1, 2002, judgment awarded fees, costs and interest, but makes no mention of the summary judgment.

■■ Stacks asserts that the November 1, 2002, judgment on the attorney's fees, costs, and interest is a final order which brings up for appeal any prior order in the case. It is true that an appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment. Ark. R. App. P.—Civ. 2(b) (2003) ; *see also Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002). However, a summary judgment which concludes the rights of the parties is a final appealable order. *Harold Ives Trucking, Co. v. Pro Transportation, Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). Therefore, summary judgment which concludes the rights of the parties is not an intermediate order under Ark. R. App. P.—Civ. 2(b). A motion for attorney's fees is collateral to a trial court's judgment on the substantive issues, and, therefore, will not bring up the earlier granted summary judgment for purposes of appeal. *Harold Ives, supra.*

■■ Nor is there any relief for Stacks in Arkansas Rule of Appellate Procedure—Civil 4(b) (2002), which provides an extension for time in filing a notice of appeal "in certain circumstances." *Home Mut. Fire Ins. Co. v. Hampton*, 336 Ark. 522, 524, 986 S.W.2d 93 (1999). In order to extend the time for filing a notice of appeal, "one or more of the enumerated post-trial motions must be timely filed. . . ." *Id.* Rule 4(b)(1) provides in pertinent part:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties.

Ark. R. App. P.—Civ. 4(b)(1) (2002). A motion for attorney's fees is not a motion under Rules 50(b), 52(b), or 59(a), of the Arkansas Rules of Civil Procedure, nor is it a motion to vacate or otherwise alter or amend the judgment. Thus, the motion for attorney's fees did not

extend the time within which Stacks was required to file the notice of appeal, and this court is without jurisdiction to hear an appeal from the September 11, 2002, order. *Weems v. Garth*, 338 Ark. 437, 993 S.W.2d 926 (1999).

██ Stacks's notice of appeal is untimely. Arkansas Rule of Appellate Procedure 3(e) (2002), requires that, "[a] notice of appeal. . . shall designate the judgment, decree, order or part thereof appealed from. . . ." The order appealed from by the terms of the notice was the November 1, 2002, judgment. A notice of appeal must be filed within thirty days. Ark. R. App. P.—Civ. 4(a) (2002). Timely filing of a notice of appeal is jurisdictional, and we are required to raise the issue of subject-matter jurisdiction on our own motion. *Weems, supra; see also Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995). Thus, because the summary judgment was a final appealable order, then the notice of appeal filed on November 1, 2002, was late whether calculated from the August 23, 2002, order, or the September 11, 2002, judgment. This court lacks jurisdiction to hear the appeal on the summary judgment.

### Attorney's Fees, Costs, and Interest

██ The notice of appeal was timely to raise the issues under the November 1, 2002, order. The November 1, 2002, order granted an award of attorney's fees and costs. Thus, issues of alleged error in deciding the motion for fees and costs could be raised by Stacks on appeal. However, the points on appeal stated by Stacks in her opening brief are:

1. The trial court erred in granting summary judgment to Appellee Leon Marks because there were material questions of fact to be resolved, with regard to both the complaint and the counterclaim.

. . .

2. Appellee's contingent fee agreement is illegal and unenforceable because it violates federal ERISA law and Arkansas statutes, therefore the ruling of the trial court granting summary judgment should be reversed and this case should be remanded for trial.

. . .

The posttrial motion for fees, costs, and interest, sought fees, costs, and interest arising from litigation of the suit by Marks against Stacks and had nothing to do with the alleged illegal contract at issue in the underlying lawsuit. The issue of the posttrial motion for fees and costs is first raised by Marks in his appellee's brief. Stacks does not discuss the posttrial motion for attorney's fees, costs, and interest, except in her reply brief in response to Marks's brief. In *Williams v. City of Fayetteville*, 348 Ark. 768, 76 S.W.3d 235 (2002), we affirmed the decision of the trial court on an issue raised first in the appellee's brief:

> There are other arguments that arise in the appellees' brief and in the reply brief. They will not be considered. Any alleged assignments of error must be argued in the original brief. *Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996); *Commonwealth Pub. Serv. Co. v. Lindsay*, 139 Ark. 283, 214 S.W. 9 (1919).

*Williams*, 348 Ark. at 778. Thus, we will not consider any issues arising from the posttrial motion for fees and costs. This court lacks jurisdiction to address the stated points on appeal due to the lack of a timely notice of appeal on the summary judgment, and Stacks fails to provide argument on the points that she could appeal.

▆ The motion to dismiss is granted, and the remainder of the case is affirmed.