

Cite as 2013 Ark. App. 675

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–409

| | |
|---|---|
| ALLISA VIRGIL<br><br>APPELLANT<br><br>V.<br><br>KEITH MORGAN AND EVERGREEN PACKAGING, INC.<br><br><br><br>APPELLEES | **Opinion Delivered** November 13, 2013<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV–2010–146–5]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Allisa Virgil appeals from the deemed denial of her motion for new trial following a jury trial that resulted in a verdict for the appellees, Keith Morgan and Evergreen Packaging, Inc. ("Evergreen"). We dismiss her appeal.

Virgil was an employee of Evergreen. In May 2009, Virgil was struck by a pickup truck driven by Morgan, another Evergreen employee, while crossing a walkway to reach the employee parking lot. Morgan was driving his personal vehicle on the company's premises at the time. Virgil filed suit against Morgan, alleging that Morgan was negligent in the operation of his vehicle at the time of the incident. She amended her complaint three times. Her first amended complaint added Evergreen as a defendant, contending that it was vicariously liable for Morgan's conduct. A second amended complaint reiterated the claim

against Evergreen for vicarious liability and added allegations that Evergreen was directly liable because it allowed Morgan to use a personal vehicle on the premises that was not equipped with an audible backup alarm.[1] The third amended complaint restated the allegations against Evergreen but added nothing new.

Evergreen moved to dismiss both the second and third amended complaints pursuant to Arkansas Rule of Civil Procedure 12(b)(6), arguing that Virgil failed to establish facts showing that there was a legal requirement for personal vehicles to be equipped with a backup alarm or that there was any duty under Arkansas law for Evergreen to prevent the use of a personal vehicle on its premises. Evergreen contended that Virgil had not identified a legal duty owed by Evergreen under Arkansas law and had not stated any facts giving rise to the existence of such a duty. Virgil responded that sufficient facts existed on the issue of duty, citing Evergreen's own policy and practice in supplying its own company vehicles with backup alarms. Because both parties submitted matters outside of the pleadings, the court considered the motion to dismiss as one for summary judgment.

The circuit court entered an order granting Evergreen's motion for summary judgment on the issue of its own direct negligence. The court found that, under Arkansas law, both Virgil and Morgan were invitees of Evergreen, and that Evergreen therefore owed them the duty to exercise ordinary care to maintain its premises in a reasonably safe condition. The court noted that, in order for Evergreen to be directly liable to Virgil, there must be proof

---

[1]Virgil also alleged that Evergreen was negligent because it failed to have adequate lighting for the crosswalk; however, she abandoned this claim both in subsequent litigation and on appeal.

that it knew or, through the exercise of ordinary care, should have known that failing to equip

vehicles on its premises with audible backup alarms would subject invitees to an unreasonable

risk of harm. The court continued:

> The court has not been presented with any facts that establish a duty requiring Evergreen to equip vehicles on its premises with audible backup alarms or that failing to equip them creates an unreasonable risk. . . . Without a duty . . . , no question of a material fact exists for the jury to decide.

> The claims against Evergreen on the issue of DIRECT NEGLIGENCE are dismissed.

The case then proceeded to a jury trial on Virgil's claims of direct liability against

Morgan and her claims of Evergreen's vicarious liability. The jury entered a verdict in favor

of Morgan and Evergreen. After the court entered its judgment, Virgil filed a motion for new

trial, asserting that the circuit court committed reversible error when it granted Evergreen's

motion for summary judgment on the issue of Evergreen's direct negligence. The circuit court

did not act on the motion, and it was deemed denied thirty days later. Virgil filed a notice of

appeal from the deemed denial.

We begin by addressing whether we have jurisdiction of this appeal. While neither

party raises the issue, the timely filing of a notice of appeal is a jurisdictional issue this court

is obligated to raise sua sponte. *See, e.g.*, *Ellis v. Ark. State Hwy. Comm'n*, 2010 Ark. 196, 363

S.W.3d 321; *Tissing v. Ark. Dep't of Human Servs.*, 2009 Ark. 166, 303 S.W.3d 446. We must

therefore determine whether Virgil has filed a timely notice of appeal.

Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall be filed within thirty days from the entry of judgment. Rule 4(b) provides for an extension of the thirty-day period in certain circumstances:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Thus, to extend the time for filing a notice of appeal under Rule 4(b), one or more of the enumerated posttrial motions must be timely filed in the trial court. *See Home Mut. Fire Ins. Co. v. Hampton*, 336 Ark. 522, 986 S.W.2d 93 (1999).

Virgil's posttrial motion cited Rule 59(a)(1) and (8) as the grounds for her new-trial motion. Rule 59(a) provides as follows:

> A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; . . . . [or] (8) error of law occurring at the trial and objected to by the party making the application.[2]

---

[2]Virgil does not cite any error that occurred "at the trial," and she did not object at trial that the court erred in granting Evergreen's partial-summary-judgment motion. Accordingly, we conclude that Virgil's alleged claims for relief are not cognizable under Rule 59(a)(8), and we do not discuss that portion of the rule any further.

SLIP OPINION

Virgil filed a motion for new trial in which she raised no objection to the conduct or outcome of the trial itself under Rule 59(a)(1). Notably, she did not challenge the jury verdict in favor of Morgan or allege that any other error occurred during the trial. Instead, Virgil argued in her new-trial motion that the granting of summary judgment on the issue of Evergreen's direct liability "constituted an abuse of discretion and erroneous ruling of the law that prevented [her] from having a fair trial."

This leads to our concern with whether Virgil's posttrial motion raised a proper ground for a new trial. While Virgil insists in her reply brief that she is "not appealing the granting of Evergreen's motion for summary judgment" but is instead appealing the circuit court's denial of her motion for new trial, she cites this court's standard of review for summary-judgment appeals and, throughout her brief, repeatedly asserts that it was inappropriate for the circuit court to have dismissed her direct-liability claim against Evergreen on summary judgment. Similarly, all of Virgil's arguments on appeal center on whether there were sufficient disputed facts on the question of Evergreen's direct liability to create an issue that should have been presented to the jury. None of her arguments on appeal suggest that the partial summary judgment affected her right to have a fair trial on the question of Morgan's liability or Evergreen's vicarious liability; indeed, as noted above, she raises no challenge to the jury's verdict. Stated another way, she does not argue that she failed to receive a fair trial on the issues that went to the jury. Instead, she asserts only that she should have been allowed to submit her claims of direct liability against Evergreen to the jury.

It is apparent to us that, despite her claims to the contrary, Virgil is appealing the interlocutory order granting partial summary judgment. *See, e.g.*, *Muccio v. Hunt*, 2012 Ark. 416, at 3 ("In determining what a motion is, we look to content and substance—not to titles."). Substantively, she is asking this court to review the partial summary judgment in a deemed-denied motion for a new trial. This is not proper. A Rule 59(a)(1) motion for new trial is intended to address irregularities which occur during the trial proceedings or orders of the court resulting from the trial or an abuse of discretion during the trial that prevented a fair trial. It is not intended to address appealable issues arising from an interlocutory summary-judgment order.

An interlocutory order granting summary judgment is not a final appealable order. Arkansas Rule of Appellate Procedure–Civil 2(b), however, provides that an appeal from "any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." *See Aka v. Jefferson Hosp. Ass'n*, 344 Ark. 627, 42 S.W.3d 508 (2001). The partial-summary-judgment order at issue became a final and appealable order as soon as the jury verdict and judgment were entered on February 6, 2012. Virgil could have appealed the partial-summary judgment by filing a notice of appeal from the judgment itself within 30 days of its entry, which would have brought up the intermediate order granting summary judgment. A proper Rule 59 posttrial motion would have extended the time for filing the notice of appeal under Appellate Rule 4(b). Because Virgil failed to allege an appropriate basis for a "new trial" under Rule 59, however, her posttrial motion did not extend the time for filing the notice of appeal under Rule 4(b). Therefore, her notice of



appeal filed April 10, 2013, was untimely. We therefore lack jurisdiction to consider the merits of her appeal.

Appeal dismissed.

HARRISON and GRUBER, JJ., agree.

*Brown & Crouppen, P.C.*, by: *J. Brad Wilmoth* and *Richard J. Zalasky*, for appellant.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *M. Stephen Bingham*, for appellee.