

# ARKANSAS COURT OF APPEALS

DIVISION IV
No.  CV-13-340

|  |  |
|---|---|
| DONALD RAY STRATTON, JR.<br>APPELLANT | **Opinion Delivered** May 7, 2014 |
|  | APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT |
| V. | [NO. PR-2010-547-6] |
| LINDA JEAN STRATTON, PERSONAL<br>REPRESENTATIVE of the ESTATE OF<br>DONALD RAY STRATTON, SR.<br>APPELLEE | HONORABLE DOUGLAS SCHRANTZ,<br>JUDGE |
|  | APPEAL DISMISSED |

**LARRY D. VAUGHT, Judge**

After the Benton County Circuit Court entered an order of partial distribution of the estate of Donald Ray Stratton, Sr., his son, appellant Donald Ray Stratton, Jr., filed a notice of appeal. Thereafter, the decedent's widow, appellee Linda Stratton, moved the circuit court to stay the appeal until a final order of distribution was entered. The circuit court stayed the appeal. Despite the stay, appellant perfected his appeal by filing the record with our clerk. Appellee then moved this court to dismiss the appeal on the basis that the circuit court had stayed the appeal. Although we originally passed the motion to dismiss until the case was ready for submission, we now grant the motion and dismiss the appeal without prejudice.

This case has a long and contentious history. The decedent died on July 15, 2010. Appellee filed a petition seeking to have the will admitted to probate. Appellee also sought to be appointed as personal representative of the estate. The will devised the marital residence and three tracts of real property totaling approximately 100 acres to appellee without mentioning

appellant. Prior to the hearing on the admission of the will to probate, appellant executed a waiver and entry of appearance and a disclaimer of his interest in the decedent's estate.

Almost immediately following entry of the order admitting the will to probate, appellant repeatedly filed various motions and pleadings that, inter alia, asserted that he is a pretermitted child and that appellee had obtained his execution of the disclaimer by fraud and misrepresentation. He also filed a will contest that he later withdrew, as well as a petition seeking the intestate administration of his father's estate on the basis of his status as a pretermitted child. He also filed a claim against the estate.

Appellee filed a motion for summary judgment, asserting that the disclaimer was irrevocable and effective so that appellant was no longer an "interested party" within the meaning of Ark. Code Ann. § 28-2-102 (Repl. 2012). Following a hearing, the circuit court granted summary judgment to appellee, finding that appellant had failed to properly plead fraud in connection with the execution and filing of the waiver and disclaimer. The court further found that all other pending motions were moot. Although appellant timely filed a notice of appeal from the order granting summary judgment, the parties later stipulated to the dismissal of the appeal.

In November 2012, appellee filed a motion seeking a partial distribution of the estate to herself. Appellant filed a response in which he reiterated his position that he is a pretermitted child and that the real property vested in him immediately upon the decedent's death. He also repeated his assertions concerning the disclaimer and its validity.

In its order granting the petition for partial distribution, the court repeated its previous

findings that appellant was a pretermitted child and that appellant failed to properly plead fraud with respect to the disclaimer. The court further found that appellee was the only beneficiary under the decedent's will and that there was no reason why the real property that was the subject of the petition should not be delivered to appellee. Appellant timely filed a notice of appeal from the order of partial distribution.

On February 20, 2013, appellee filed a motion seeking to stay appellant's appeal from the order of partial distribution. The motion cited Ark. Code Ann. § 28-1-116(c) as authority.[1]

On March 25, 2013, appellant filed an objection to the proposed order staying the appeal and a separate motion to vacate all orders of the court entered after appellant filed his notice of appeal. In a brief supporting both his response and the motion, appellant argued that the court failed to make a required finding under Ark. Code Ann. § 28-1-116(e)(1) that no interested party will be prejudiced by an appeal.

On April 9, 2013, the circuit court stayed appellant's appeal of the order of partial distribution until a final distribution is made.

Appellant lodged his record on appeal with our clerk on April 22, 2013. On April 29,

---

[1]Section 28-1-116(c)(1) provides as follows:

(c) Stay of Appeal. (1) When an appeal is taken with respect to any appealable order in the administration of a decedent's estate made prior to the order of final distribution, other than an order admitting or denying the probate of a will or appointing or refusing to appoint a personal representative, the circuit court or appellate court, in its discretion, may order that the appeal be:

(A) Stayed until the order of final distribution is made; and

(B) Heard only as a part of any appeal which may be taken from the order of final distribution.

2013, appellee filed a motion with this court seeking to dismiss the appeal on the basis that the circuit court had stayed the appeal pursuant to Ark. Code Ann. § 28-1-116(c). Appellant filed a response to the motion to dismiss, arguing that the order staying the appeal was improper because the circuit court failed to make certain required findings. As already noted, we passed the motion until the case was ready for submission.

We cannot address the merits of appellant's argument about the validity of the stay because he failed to file a notice of appeal from that order. Therefore, he cannot challenge the validity of the stay. A timely notice of appeal is a jurisdictional requirement. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003). Lacking a timely notice of appeal, this court has no jurisdiction to consider other issues raised on appeal. *Arkco Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004). We are required to raise the issue of subject-matter jurisdiction on our own motion. *Stacks*, 354 Ark. at 599, 127 S.W.3d at 485.[2]

The circuit court's order granting the stay notes that appellant is appealing the order of partial distribution. The court found that the appeal should be stayed until an order of final distribution is made so as to prevent multiple appeals. It is the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Clements v. State*, 306 Ark. 596, 817 S.W.2d 194 (1991) (citing *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989)). The

---

[2]We note that part of appellant's arguments are based on a faulty premise. He contends that the circuit court lost jurisdiction to act further once he filed his notice of appeal. However, after a notice of appeal has been filed, the circuit court retains jurisdiction until the record is filed and the appeal is docketed. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). Therefore, the circuit court still had jurisdiction to enter the stay because it had been entered prior to the record being lodged here. *Ballard v. Clark Cnty. Circuit Court*, 347 Ark. 291, 61 S.W.3d 178 (2001).

SLIP OPINION

circuit court was exercising this inherent power in this case by staying the appeal while further proceedings were taking place, as well as the statutory discretion provided in section 28-1-116(c)(1).

We also take this opportunity to address other issues and defects with appellant's addendum and with the record. We denied appellant's motion to supplement the record in August 2013. Nevertheless, appellant included in his addendum materials found only in the supplemental volume. This was improper. We also note that appellant's addendum lacked certain necessary documents such as letter opinions specifically incorporated into the circuit court's orders. Such omissions were improper. Ark. Sup. Ct. R. 4-2(a)(8).

There are also papers in the addendum with different docket numbers from the probate case before us, with no explanation or order of consolidation.

Appeal dismissed.

WYNNE and WHITEAKER, JJ., agree.

*Blaine Jackson, JD, PLLC*, by: *Blaine A. Jackson*, for appellant.

*Stephen Lee Wood, P.A.*, by: *Stephen Lee Wood*, for appellee.