

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–577

| | |
|---|---|
| RUFUS BARNER | **Opinion Delivered** February 4, 2015 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. CR-13-3126] |
| V. | |
| | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | SUPPLEMENTATION OF THE ADDENDUM ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Rufus Barner appeals from an order of the Pulaski County Circuit Court, which dismissed his appeal from district court. In this appeal, Mr. Barner argues that the circuit court erred in dismissing his appeal. Because Mr. Barner has submitted a brief with a deficient addendum, we order supplementation of the addendum.

Mr. Barner was charged with misdemeanor third-degree domestic battery in Little Rock District Court. Mr. Barner entered a plea of nolo contendere, and he was placed on twelve months' probation and fined $500. The district court's order placing appellant on probation was entered pursuant to Act 346 of 1975, better known as the Arkansas First Offender Act. Under the First Offender Act, an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, and the district court or circuit court, without entering a judgment of guilt and with the defendant's consent, may defer further proceedings

and place the defendant on probation for not less than one year. Ark. Code Ann. § 16-93-303(a)(1)(A)(i) (Supp. 2013). Thereafter, upon fulfillment of the terms and conditions of probation, the defendant shall be discharged without court adjudication of guilt, and the court shall enter an appropriate order dismissing the case, discharging the defendant, and expunging the record. Ark. Code Ann. § 16-93-303(b).

Mr. Barner attempted an appeal to circuit court, and the State filed a motion to dismiss. The circuit court granted the motion and entered an order dismissing the appeal. The circuit court reasoned that, pursuant to Arkansas Rule of Criminal Procedure 36, only convictions in district court may be appealed to circuit court. Our supreme court in *Lynn v. State*, 2012 Ark. 6, recognized that a plea of guilty or nolo contendere tendered pursuant to Act 346 is not a conviction.

On appeal to this court, Mr. Barner contends that his right to appeal from district court to circuit court was authorized by Arkansas Code Annotated section 5-4-305(a)(1) (Repl. 2013), and that the circuit's court order of dismissal infringed upon his right to trial by jury. Mr. Barner requests that we reverse and remand the case to circuit court for further proceedings.

Appellant's addendum contains the timely-filed notice of appeal from circuit court to the court of appeals. However, the addendum fails to contain documentation that there was a timely appeal from district court to circuit court. Arkansas Rule of Criminal Procedure 36(b) provides that an appeal from district court to circuit court shall be filed in the circuit clerk's office within thirty days of the judgment in district court, and Rule 36(c) provides that

an appeal from district court to circuit court shall be taken by filing with the circuit clerk a certified record of the district court proceedings. The addendum fails to contain proof that a certified district court record was timely filed with the circuit court. Our supreme court has held that, if the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Roberson v. State*, 2010 Ark. 433; *Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005).

Arkansas Supreme Court Rule 4–2(a)(8)(A) provides that the addendum must include any document in the record that is essential for the appellate court to confirm its jurisdiction. Because the addendum fails to contain documentation that the case was timely appealed from district court to circuit court, we order appellant to supplement the addendum to include the omitted document. We direct Mr. Barner to file a supplemental addendum pursuant to Arkansas Supreme Court Rule 4–2(b)(4), which shall be filed within seven calendar days from the date of this opinion.

Supplementation of the addendum ordered.

GLADWIN, C.J., and VIRDEN, J., agree.

*Llewellyn J. Marczuk*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.