SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-331

| | |
|---|---|
| WILLIAM ROY TUBBS<br>APPELLANT | Opinion Delivered March 5, 2015 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-13-126] |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>APPEAL DISMISSED. |

## PER CURIAM

In 2012, appellant William Roy Tubbs entered a negotiated plea of guilty to theft of property and theft by receiving, and he was sentenced as a habitual offender to an aggregate term of 240 months' imprisonment with 120 months' suspended imposition of sentence. In 2013, appellant filed in the Lincoln County Circuit Court a petition for declaratory judgment in which he contended that the Arkansas Department of Correction ("ADC") refused to follow the applicable statutes and regulations to credit him with his earned meritorious good time for purposes of determining parole eligibility. The circuit court granted appellee's motion to dismiss the petition, and appellant lodged an appeal in this court. Because appellant's notice of appeal was untimely, we dismiss the appeal.

The order dismissing the petition was entered on January 24, 2014. Because appellant's response to the motion to dismiss was not filed until January 29, 2014, it was not considered by the circuit court in reaching its decision. Subsequently, on February 13, 2014, appellant filed a motion for relief from the judgment. Citing Rule 60 of the Arkansas Rules of Civil Procedure,

appellant contended that the circuit court failed to address the points raised in the response and that the dismissal of his petition was in error. The record does not include an order by the trial court disposing of the Rule 60 motion. On February 26, 2014, appellant filed a notice of appeal. While the notice states that appellant is appealing from the order entered "February, 2014," it appears that appellant is appealing from the January 24, 2014 order dismissing the petition.

A timely notice of appeal is essential to this court obtaining jurisdiction. *Jewell v. Fletcher*, 2012 Ark. 132; *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Jefferson v. Ark. Dep't of Human Servs.*, 356 Ark. 647, 158 S.W.3d 129 (2004). Arkansas Rule of Appellate Procedure–Civil 4 states that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Ark. R. App. P.–Civ. 4(a) (2014). The timely filing of certain motions may extend the time for filing a notice of appeal. Ark. R. App. P.–Civ. 4(a), (b). The only motions that will extend the time are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings pursuant to Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of the judgment. Ark. R. App.–Civ. P. 4(b)(1); *Jewell*, 2012 Ark. 132. If a timely motion is filed, the notice of appeal shall be filed within thirty days of the order disposing of the last motion outstanding. Ark. R. App. P.–Civ. 4(b)(1). If the court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R. App. P.–Civ. 4(b)(1).

Because appellant's motion for relief from judgment was filed on February 13, 2014, which was more than ten days after the entry of the January 24, 2014 order, the motion is not one of the posttrial motions that extends the time for filing the notice of appeal under Arkansas Rule of Appellate Procedure–Civil 4(b)(1). Thus, to be timely, the notice must have been filed within thirty days of the January 24, 2014 order. The notice of appeal, filed on February 26, 2014, was filed thirty-three days after the order had been entered. Because the notice of appeal was untimely, we dismiss the appeal.

Appeal dismissed.

*William Roy Tubbs*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christine A. Cryer*, Sr. Ass't Att'y Gen., for appellee.