SLIP OPINION

Cite as 2015 Ark. App. 557

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–281

| | |
|---|---|
| TRENT A. KIMBRELL<br>APPELLANT | **Opinion Delivered** October 7, 2015 |
| V. | APPEAL FROM THE POLK<br>COUNTY CIRCUIT COURT<br>[NO. CR-1994-124, CR-2004-5] |
| | HONORABLE J.W. LOONEY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | SUPPLEMENTAL ADDENDUM<br>ORDERED |

## PHILLIP T. WHITEAKER, Judge

In January 1995, Appellant Trent Kimbrell entered a plea of no contest to one count of conspiracy to deliver a controlled substance in Case No. CR-1994-124. At that time, he was placed on four years' probation pursuant to Act 376 of 1975, which permits expungement of one's criminal record upon successful completion of probation. In January 2014, the State charged Kimbrell with one count of being a felon in possession of a firearm in Case No. CR-2014-5. Kimbrell sought to dismiss the charge in CR-2014-5, asserting that his record should have been expunged years earlier. Kimbrell also filed a petition to seal in CR-1994-124, contending that he had successfully completed his probation in that case. The Polk County Circuit Court denied both requests, and Kimbrell challenges those decisions on appeal. Because we must order supplementation of Kimbrell's addendum, however, we are unable to reach the merits of his argument at this time.

SLIP OPINION

The addendum to Kimbrell's brief includes the circuit court's December 11, 2014 order denying Kimbrell's petition to seal in CR–1994-124. It also contains a "revised notice of appeal," filed on February 9, 2015, which purports to appeal from the December 11 order as well as "all of this court's prior rulings that shaped the December 11, 2014 order, whether originally in case number CR–1994-124 or CR–2014-5, now consolidated." The addendum does not, however, contain any order consolidating those two cases, nor, given that the February 9, 2015 notice of appeal was designated as "revised," does it contain an original notice of appeal from the December 11, 2014 order.

Arkansas Supreme Court Rule 4-2(a)(8)(A) provides that the addendum must include any document in the record that is essential for the appellate court to confirm its jurisdiction, *see Barner v. State*, 2015 Ark. App. 61, and a timely notice of appeal is essential to this court's jurisdiction. *See Tubbs v. Hobbs*, 2015 Ark. 99. It is not apparent from the addendum provided to this court that Kimbrell's February 9, 2015 notice of appeal was timely filed from the December 11, 2014 order. *See* Ark. R. App. P.–Crim. 2(a) (a notice of appeal must be filed within thirty days from the date of entry of a judgment).

Pursuant to Rule 4-2(b)(4), if this court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court. Accordingly, we order Kimbrell to file, within seven days, a supplemental addendum that includes any order consolidating CR–1994-124 and CR–2004-5, as well as

any other notice of appeal that was filed in this case. We also strongly encourage counsel, prior to filing the supplement, to review our rules as well as the abstract and addendum to ensure that no additional deficiencies are present.

Supplemental addendum ordered.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Danielson Law Firm, PLLC*, by: *Erik P. Danielson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.