
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–951

|  |  |
|---|---|
| | **OPINION DELIVERED** NOVEMBER 18, 2015 |
| BETH'S BAIL BONDS, INC.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NOS. 60CR–13–2844, 60CV–14–1547] |
| V. | |
| | HONORABLE WENDELL GRIFFEN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Beth's Bail Bonds, Inc. (BBB), appeals the Pulaski County Circuit Court's bond–forfeiture judgment filed April 17, 2014, and the July 11, 2014 order denying BBB's motion to set aside the judgment. On appeal, the bonding company contends that (1) the circuit court was without jurisdiction to enter a judgment; (2) the county attorney's office had no authority to demand judgment on behalf of the State; and (3) the circuit court abused its discretion by not setting aside the bond-forfeiture judgment under Arkansas Rule of Civil Procedure 60 (2014). We affirm.

### I. *Statement of Facts*

In February 2013, BBB wrote a bail bond benefiting Robert Jeffrey Ford in the amount of $2600 after Ford had been charged with reckless burning. When Ford failed to appear for his plea–and–arraignment hearing on October 24, 2013, BBB was notified with a

summons to appear on January 9, 2014, to show cause why the bail bond should not be forfeited. The show-cause hearing was reset by agreement to March 10, 2014. On that date, it was reset on BBB's request for April 10, 2014. At that hearing, BBB requested investigator expenses. The circuit court ruled that the expenses were not to be allowed and entered a bond-forfeiture judgment for $2600 on April 17, 2014. On June 11, 2014, BBB filed a motion to set aside forfeiture judgment, citing Arkansas Code Annotated section 16-84-207 (Supp. 2013) (providing for exoneration of the amount of the surety's liability under certain conditions and at the circuit court's discretion).

At the hearing on BBB's motion to set aside the judgment, David Viele, an agent with BBB, testified that, during the period between January and April 2014, BBB's license had been suspended by the Arkansas Bail Bond Licensing Board (Board) for issues unrelated to this case. He said that, during that period, BBB could not apprehend people, but could only appear in court pursuant to a summons and perform collections on outstanding bills. BBB's license was reinstated on April 3, 2014, by consent order between BBB and the Board.

Viele testified that he arrested Ford on May 14, 2014, and surrendered him to Pulaski County. Viele said that he had hired a private investigator, who located Ford living in the woods on his grandfather's property. Viele claimed that, even though BBB had a judgment entered against it, his obligation as a licensed bail bondsman was to apprehend a defendant, regardless of the timing. Viele asked the circuit court to set aside the judgment under Rule 60 because Ford had been placed in custody. He further testified that the judgment would

be a hardship on the bonding company. On cross-examination, Viele admitted that Ford failed to appear in October 2013.

Larry Peters, executive director of the Board, testified that the Board entered into a consent order with BBB, but he did not agree with the statement in the order that the bonding company could not perform manhunts and/or pickups and could not appear in court while its license was suspended. He said that it was his opinion that once a bond is issued, the matter becomes a civil situation between the bonding company and the judge. He testified that, if the bonding company had the proper paperwork from the court, it should continue to pick up defendants and bring them into court during suspensions. He claimed that the only thing the bonding company could not do was issue new bonds. He stated that, even when licenses are revoked, the bonding companies regularly continue to search for defendants and take them into court. He said that he never told BBB it could not appear in court or look for defendants and that, when he polled his staff, they all said that they did not do so either.

At the close of the hearing, BBB argued that the Pulaski County Attorney's Office should not be acting on behalf of the State as it related to bail-bond licensing or bail-bond–forfeiture issues in criminal cases. BBB claimed that the prosecuting attorney should be litigating the issue. The county attorney responded that BBB's argument was a collateral attack on a bond forfeiture and that a proper claim should be filed in a separate civil action. The county attorney claimed that a bond forfeiture is a civil judgment and that the issue was moot.

BBB then argued that, pursuant to Rule 60, the circuit court had discretion to set aside a judgment within ninety days. BBB claimed that the defendant was brought into custody by the bonding company, surrendered after the judgment had been entered against it. BBB stated that, ultimately, Ford's case was dismissed based on a speedy-trial violation, and it argued that the judgment would be a hardship on the company.

The circuit court denied the motion, ruling that the $2600 judgment would not be set aside. BBB filed a notice of appeal, claiming to appeal both the April 17, 2014 bond-forfeiture judgment and the July 11, 2014 order denying BBB's motion to set it aside. This appeal followed.

## II. *Jurisdiction*

BBB argues that the circuit court was without jurisdiction to enter a judgment because the summons to it was defective. It cites Arkansas Rule of Civil Procedure 12(h)(2) (2014) (The defense of lack of jurisdiction over the subject matter is never waived and may be raised at any time.), and *Dobbs v. Discover Bank*, 2012 Ark. App. 678, 425 S.W.3d 50 (Valid service of process is necessary to give a court jurisdiction over a defendant.).

BBB contends that the summons was defective because (1) it failed to state "the sum specified in the bail bond on account of the forfeiture," as required by Arkansas Code Annotated section 16-84-207(b)(2)(B); and (2) the summons was not the requisite model adopted and appended to Rule 9.5 (2014) of the Arkansas Rules of Criminal Procedure. BBB complains that the summons did not state the name and address of its attorney, thereby falling short of strict compliance as required under Arkansas Rule of Civil Procedure 4(b) (2014).

SLIP OPINION

Further, the summons did not advise BBB whether it was to file a pleading or the result of the failure to file a pleading. BBB also complains that the summons was not returnable or executed "as if the case were a civil action." Ark. Code Ann. § 16-84-207(e)(2). Thus, BBB argues that, because strict compliance was lacking, the circuit court did not have jurisdiction over BBB to enter the bond-forfeiture judgment.

Regarding jurisdiction, the Arkansas Supreme Court held as follows:

A timely notice of appeal is essential to this court obtaining jurisdiction. *Jewell v. Fletcher*, 2012 Ark. 132; *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Jefferson v. Ark. Dep't of Human Servs.*, 356 Ark. 647, 158 S.W.3d 129 (2004). Arkansas Rule of Appellate Procedure–Civil 4 states that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Ark. R. App. P.–Civ. 4(a) (2014). The timely filing of certain motions may extend the time for filing a notice of appeal. Ark. R. App. P.–Civ. 4(a), (b). The only motions that will extend the time are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings pursuant to Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of the judgment. Ark. R. App.–Civ. P. 4(b)(1); *Jewell*, 2012 Ark. 132. If a timely motion is filed, the notice of appeal shall be filed within thirty days of the order disposing of the last motion outstanding. Ark. R. App. P.–Civ. 4(b)(1). If the court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R. App. P.–Civ. 4(b)(1).

*Tubbs v. Hobbs*, 2015 Ark. 99, at 2.

We hold that because BBB did not file its notice of appeal until August 7, 2014, this court does not have jurisdiction to review the order of bail-bond forfeiture, which was filed on April 17, 2014. The motion to set aside the order was based on Arkansas Code Annotated section 16-84-207, which allows the bonding company to seek exoneration under certain conditions. However, the statute does not toll the time to file a notice of appeal, as would

other postjudgment motions. *See Tubbs*, *supra*. Therefore, we may not address this point on appeal, as it attacks the underlying bond-forfeiture judgment and not the order denying the motion to set the forfeiture aside.

### III. *Pulaski County Attorney*

BBB contends that the Pulaski County Attorney's Office had no authority to appear and demand judgment on behalf of the State of Arkansas. BBB argues that the county is not a party, and that this case is a criminal action brought in the name of the State. Further, BBB claims that the circuit court lacked authority to deny BBB's motion to set aside bond forfeiture "which divested the State of Arkansas of its right to bail bond forfeiture judgments, its right to appear and represent the State, and due process." BBB argues that bail-bond forfeitures are criminal proceedings. BBB claims that, to be a civil action, a separate filing must be made, citing Arkansas Rule of Criminal Procedure 3(a) (2014). BBB contends that the prosecutor, not the county attorney, shall prosecute criminal actions under Amendment 21, section 1 of the Arkansas Constitution. BBB accuses Pulaski County of unconstitutionally diverting bail-bond-forfeiture monies to the county treasury. BBB complains that a civil case number was added after judgment had been obtained, which violates Rule 3(a).

BBB's complaint regarding the county attorney's participation in this matter was not made until its motion to set aside was filed. To preserve a point for appeal, an objection must be made at the first opportunity, and a party cannot obtain relief by raising an argument for the first time in a postjudgment motion. *Davis v. Ark. Blue Cross & Blue Shield*, 2010 Ark. App. 348, at 5.



## IV. *Arkansas Rule of Civil Procedure 60*

BBB argues that the circuit court abused its discretion by not setting aside the bond-forfeiture judgment under Rule 60(a) of the Arkansas Rules of Civil Procedure, which allows a court to set aside a judgment within ninety days of the judgment:

> (a) Ninety-Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

The only limitation on the exercise of power under Rule 60(a) is addressed to the sound discretion of the trial court. *Triple T Farms P'ship v. Union Bank & Trust Co.*, 2015 Ark. App. 174, at 3, 458 S.W.3d 258, 260.

BBB argues that it apprehended Ford and surrendered him to the court, but that the case was ultimately dismissed for lack of a speedy trial. BBB contends that it was not at fault for failing to give notice to Ford because it was the circuit court's failure. BBB also claims that the Pulaski County Attorney's Office had no authority to act and appear in this matter; that BBB was suspended during the time period in which it was charged to find Ford; that the circuit court judge stated, "It will stand and if the $2600 judgment is going to put this company out of business, it's just too bad, but the judgment will stand"; and the summons was defective. Based on these reasons, BBB claims that the trial court abused its discretion in refusing to set aside the judgment.

The State contends that BBB never argued below that Ford's failure to appear was the circuit court's fault, that summons was defective, or that the circuit court judge remarked that

it was too bad if BBB were to be put out of business.  We agree that these arguments cannot be considered on appeal.  *Buddy York Bail Bonds, Inc. v. State*, 2012 Ark. App. 252.

The State asserts that the arguments regarding the county attorney's office and BBB's suspension do not demonstrate that the circuit court abused its discretion by denying the motion.  Once Ford failed to appear, the circuit court had the discretion to order complete forfeiture absent a recognized excuse, not presented or alleged here.  *M&M Bonding Co. v. State*, 59 Ark. App. 228, 955 S.W.2d 521 (1997).  Because there was no abuse of discretion in the circuit court's decision, we affirm.

Affirmed.

ABRAMSON and Kinard, JJ., agree.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.